**WHITFIELD TRANSPORTATION COMPANY, Appellant,**

v.

**BORDER TRUCK LINES, Appellee.**

No. 5031.

Court of Civil Appeals of Texas.

El Paso.

July 14, 1954.

Rehearing Denied Sept. 22, 1954.

Andress, Lipscomb & Peticolas, El Paso, for appellant.

Cunningham & Malone, El Paso, for appellee.

McGILL, Justice.

This was a suit to recover the reasonable market value of a Trailmobile trailer, such value alleged to be $5,000. The trailer was owned by appellant and in possession of appellee when it was destroyed by fire. Trial was to a jury, and at the close of plaintiff's evidence the court instructed the jury to return a verdict for defendant, and upon such verdict entered judgment accordingly.

Appellant was plaintiff and appellee defendant in the trial court. Prior to and during October 1951 plaintiff and defendant were connecting motor carriers operating to and from El Paso, Texas. Plaintiff did not have a license authorizing the shipment of freight to and from White Sands Proving Ground in New Mexico. Defendant's license did authorize such shipment. On October 5, 1951, defendant informed plaintiff that it had an order to load and transport from White Sands Proving Ground a heavy load of freight for delivery at Avondale, Colorado, and requested the use of plaintiff's trailer to transport such freight to El Paso for delivery to plaintiff, plaintiff being a connecting carrier to transport the load of freight from El Paso to Avondale ' or to deliver it to other connecting carriers. The request was granted and the trailer delivered to defendant for the purpose stated, and also for the purpose of delivering certain freight which plaintiff had for delivery to White Sands Proving Grounds. The next morning while on the premises of defendant the trailer was destroyed by fire without any negligence of defendant.

Plaintiff relies on an alleged well established custom and usage between motor carriers interchanging or using trailers belonging to other motor carriers, that the motor carrier acquiring the use of a trailer owned by another motor carrier should be responsible to the owner for the safe and timely return of such trailer to the owner thereof, ordinary wear and tear excepted. Plaintiff contends that this usage and custom was implied in the verbal contract of bailment by which the trailer was delivered to defendant.

The evidence does not establish a usage and custom as sweeping as plaintiff contends. It goes no further than to show a usage and custom that the carrier to whom possession of the equipment is entrusted by a connecting carrier should return it in as good condition as delivered, paying all maintenance costs, reasonable wear and tear excepted. There is no evidence that there was a usage and custom that the carrier acquiring possession should replace the equipment if it was totally destroyed by no fault of such carrier. The defendant was not a gratuitous bailee, since the bailment was for the benefit of both plaintiff and defendant. The plaintiff was benefited by having its freight transported to the White Sands and by avoiding the delay, if not the expense, of unloading and reloading the heavy load which it was to transport as a connecting carrier from El Paso to Avondale or to other connecting carriers; defendant was benefited by having the use of plaintiff's trailer. Under this

state of facts the common law liability of defendant as a bailee was only for the consequences of such injuries to the trailer as proximately resulted from its negligence.

5 Tex.Jur. pp. 1025–1026, Section 15. Before such liability can be enlarged by usage and custom it 'must appear clear and satisfactory evidence that such usage and custom was well established and so notoriously or generally known that the contracting parties knew or were charged with knowledge thereof (55 Am.Jur. pp. 282–283, Secs. 21, 22) so that in the absence of any expression to the contrary it may be assumed that the parties understood that such usage and custom was to be incorporated in their contract. No such showing was made in this case. Therefore the court did not err in directing a verdict for defendant and in entering judgment accordingly.

The judgment is affirmed.